# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| KELLIE GAMBINO, | ) |
| | ) |
| Plaintiff, | ) Civil Action File No. |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| THE SAVANNAH COLLEGE OF | ) |
| ART AND DESIGN, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Kellie Gambino ("Plaintiff" or "Ms. Gambino") files this Complaint for Equitable Relief and Damages against The Savannah College of Art and Design, Inc. ("Defendant" or "SCAD") showing the Court as follows:

### INTRODUCTION

1. Ms. Gambino was employed as a Benefits Specialist II at The Savannah College of Art and Design, Inc. managing benefits and perks for SCAD's Atlanta and Savannah campuses.

2. Ms. Gambino was terminated for "helping employees circumvent the ADA process" when she was, in fact, assisting employees in navigating the ADA accommodation process, in retaliation for engaging in protected activity in violation of the Title I of the Americans with Disabilities Act of 1990, as amended by the

Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12101 *et seq.* ("ADA") and Title VII of the Civil Rights Act of 1964, as amended.

3. Ms. Gambino asserts claims for retaliation under the ADA and Title VII.

4. Ms. Gambino seeks equitable relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, punitive damages, and attorney's fees and costs of litigation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

6. Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant SCAD conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Southern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Ms. Gambino filed a charge discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

8.     Ms. Gambino received a Determination and Notice of Rights from the EEOC relating to her charge of discrimination, charge number 415-2025-00492.

9.     Ms. Gambino brings this suit within ninety (90) days of receipt of her Determination and Notice of Rights.

## THE PARTIES

10.    Ms. Gambino is a citizen of the United States, a resident of the State of Georgia, and submits herself to the jurisdiction of this Court.

11.    SCAD is an employer engaged in commerce or in an industry affecting commerce within the meaning of the ADA and has employed more than 15 persons for each working day in each of 20 calendar weeks in the current or preceding calendar year.

12.    Ms. Gambino is an employee under the ADA and Title VII.

13.    SCAD is a covered employer under the ADA and Title VII.

14.    SCAD is subject to this Court's jurisdiction and may be served with process by serving its registered agent for service of process, Hannah Yi Flower, 1600 Peachtree Street NW, Atlanta, Georgia 30309.

## STATEMENT OF FACTS

15.    Ms. Gambino was became employed by SCAD in April 2022 as a Benefits Specialist II.

16. Ms. Gambino was responsible for managing employee benefits and perks for SCAD's Atlanta and Savannah campuses.

17. In May 2023, Ms. Gambino was supervised by James Fitzgibbons, Sr. Director of Benefits and Risk Management, a white male.

18. During her employment with SCAD, Ms. Gambino had excellent performance and received positive verbal feedback that she was a shining star on the team and a valuable asset.

19. One of Ms. Gambino's job duties was to help SCAD employees navigate the reasonable accommodation process under the ADA.

20. In Spring 2023, a new employee, Tabatha Reeves, asked Ms. Gambino how to get a reasonable accommodation under the ADA.

21. The employee needed to request the lights above her desk be changed because they were triggering her chronic migraines, an ADA-covered disability.

22. Ms. Gambino explained the ADA accommodations process and referred her to Mr. Fitzgibbons, who granted the accommodation.

23. Between late 2023 and early 2024, a professor of color emailed Ms. Gambino asking for an ADA accommodation.

24. The professor provided a doctor's note requesting an accommodation.

25. The professor requested a lightweight MacBook Air and/or iPad Air for

her ADA disabilities – chronic joint pain and fibromyalgia.

26. Ms. Gambino mentioned she had seen other professors on the Atlanta campus using iPads and she believed it would be an easy accommodation.

27. Mr. Fitzgibbons then denied the professor's request for accommodation and told Ms. Gambino to stay in her lane.

28. In Spring 2024, a white professor emailed Ms. Gambino to request a MacBook Air or Pro as an accommodation for her disability.

29. The white professor's accommodation request, unlike the professor of color, was immediately approved by Mr. Fitzgibbons.

30. In and around Spring 2024, two white employees emailed Ms. Gambino requesting accommodation due to lighting triggering their disabilities.

31. Mr. Fitzgibbons immediately approved the accommodation requests.

32. Ms. Gambino complained to Mr. Fitzgibbons several times that he was providing inequitable accommodation approvals that appeared to be based on race.

33. During Summer 2024, another employee of color requested an accommodation for her disability.

34. Mr. Fitzgibbons denied the accommodation despite having granted a similar request for a white employee.

35. On August 12, 2024, Mr. Fitzgibbons and Kelly Roberts, Human

Resources Business Partner met with Ms. Gambino and terminated her employment because she was "no longer a good fit at SCAD" because she was found to have been "helping employees circumvent the ADA process."

36. In fact, Ms. Gambino was assisting employees in navigating the ADA reasonable accommodation process which was part of her job duties.

## COUNT I
### RETALIATION UNDER THE ADA

37. Ms. Gambino incorporates by reference all the preceding paragraphs of the Complaint.

38. At all times relevant hereto, SCAD has been subject to the requirements of Title I of the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act.

39. Ms. Gambino engaged in protected activity when she assisted employees in navigating the reasonable accommodation process at SCAD and advocated for those employees with Mr. Fitzgibbons.

40. Defendant retaliated against Ms. Gambino by terminating her employment for assisting employees in navigating the reasonable accommodation process under the ADA.

41. When Defendant terminated Ms. Gambino for assisting employees in navigating the reasonable accommodation process under the ADA, Defendant violated the ADA which prohibits retaliation for engaging in protected activities.

42. As a direct and proximate result of Defendant's intentional retaliation, Ms. Gambino has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including retirement benefits and tuition assistance benefits, all in an amount to be established at trial.

43. Ms. Gambino is entitled to damages including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

44. Accordingly, Ms. Gambino is entitled to equitable and monetary relief for Defendant's violation of her rights under the ADA.

## COUNT II
### RETALIATION UNDER TITLE VII

45. Ms. Gambino incorporates by reference all the preceding paragraphs of the Complaint.

46. Ms. Gambino engaged in protected activity under Title VII by making internal complaints of inequitable treatment of employees of color in the reasonable accommodation process to Mr. Fitzgibbons.

47. Defendant violated Title VII when it terminated Ms. Gambino's employment for advocating on behalf of employees of color and reporting discrimination against employees of color to Defendant.

48. SCAD willfully and wantonly disregard Ms. Gambino's rights, and SCAD's retaliation against Ms. Gambino was undertaken in bad faith.

49. As a result of SCAD's unlawful actions, Ms. Gambino has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

50. Pursuant to Title VII, Ms. Gambino is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Title VII.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff Kellie Gambino demands a TRIAL BY JURY and that the following relief be granted:

(a) Grant to Ms. Gambino judgment in her favor and against SCAD under all counts of this Complaint;

(b) Order Defendant SCAD to make Ms. Gambino whole by providing for her out-of-pocket losses as well as backpay in an amount equal to the sum of any

wages, salary, employment benefits or other compensation denied or lost as a result of SCAD's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(c) Order SCAD to reinstate Ms. Gambino or, in the alternative, award her front pay;

(d) Order SCAD to compensate Ms. Gambino for mental and emotional damages suffered as a result of SCAD's unlawful and discriminatory acts;

(e) Order SCAD to pay punitive damages;

(f) Grant to Ms. Gambino a jury trial on all issues so triable;

(g) Grant to Ms. Gambino her reasonable attorney's fees and reasonable expert witness fees together with any and all other costs associated with this action; and

(h) Grant to Ms. Gambino such additional monetary and equitable relief as the Court deems proper and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 22nd day of July 2025.

LEGARE, ATTWOOD & RAGAN, LLC

By: */s/Eleanor Mixon Attwood*
Eleanor Mixon Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

                                              Cheryl B. Legare
                                              Georgia Bar No. 038553
                                              cblegare@law-llc.com
                                              *Pro Hac Vice Application*
                                              *to be Filed.*

Decatur Town Center Two
125 Clairemont Avenue, Suite 380
Decatur, GA  30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

*Attorneys for Plaintiff*